IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN RUSSELL, #34153, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 20-cv-00108-JPG |
| | ) |
| CAPTAIN MARCONI | ) |
| and RACHEL BRAUN, | ) |
| | ) |
|         Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Steven Russell, a detainee at Alton Law Enforcement Center, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In the Complaint (Doc. 1), Plaintiff claims that he was denied dental care at Madison County Jail. He seeks monetary and injunctive relief.

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 5-7): While he was detained at Madison County Jail in December 2019, Plaintiff lost a filling from one of his teeth. (*Id.* at p. 7). He requested treatment for the rotten tooth, dental pain, and difficulty

1

chewing. (*Id*. at p. 5). He was seen by a nurse[1] on December 31, 2019. (*Id*. at p. 7). The nurse prescribed him antibiotics for his gum infection and dental wax for his rotten tooth. (*Id*.). He was also offered Tylenol for pain. (*Id*.).

When Plaintiff complained of persistent dental pain and difficulty chewing two weeks later, Nurse Braun explained that the Jail does not send inmates for dental appointments. (*Id*.). However, Nurse Braun reminded Plaintiff that he could take Tylenol for his pain and chew on the unaffected side of his mouth. (*Id*.). Nurse Braun ignored Plaintiff's subsequent requests for treatment. (*Id*. at p. 6).

Based on the allegations summarized herein, the Court designates a single claim in the *pro se* Complaint:

> **Count 1:** Fourteenth Amendment claim against Defendants for denying Plaintiff adequate dental care for his lost filling, dental pain, and infection at the Jail beginning in December 2019.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

A Fourteenth Amendment due process claim challenging the denial of medical care involves two inquiries. The first "focuses on the intentionality of the individual defendant's conduct" and "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case." *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). The second asks "whether the challenged conduct was objectively reasonable." *Id*. This, in turn, requires consideration of "the totality of the facts and circumstances faced by the individual

---

[1] Plaintiff does not identify this particular nurse by name, and the Court cannot tell whether this individual is Nurse Rachel Braun who is named as a defendant in the case caption.

alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id*.

The Complaint articulates a colorable Fourteenth Amendment claim against Nurse Braun. The nurse denied Plaintiff dental treatment for a lost filling, even after he informed the nurse that treatment with antibiotics, dental wax, and Tylenol was ineffective. As a result of this denial, Plaintiff suffered unnecessary pain. These facts suggest that Nurse Braun acted purposefully, knowingly, and unreasonably when she denied and/or ignored Plaintiff's request for dental care. The allegations thus satisfy the objective unreasonableness standard applicable to Fourteenth Amendment medical claims brought by pretrial detainees.[2] Count 1 shall receive further review against Nurse Braun.

Captain/Jail Supervisor Marconi shall be dismissed from this action. Although this individual is named as a defendant in the case caption of the Complaint, Marconi is not mentioned in the statement of claim. It is not enough to name a person in the caption of the Complaint. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). It is also not enough to name a defendant based entirely on his/her supervisory role at the Jail. The doctrine of *respondeat superior* is not recognized under Section 1983; to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). The allegations must state a plausible claim against the individual for causing the deprivation at issue. Because the allegations fail to mention Captain/Jail Supervisor Marconi, Count 1 shall be dismissed without prejudice against him/her.

---

[2] The allegations also satisfy the deliberate indifference standard applicable to Eighth Amendment claims brought by convicted persons. *McDonald v. Hardy*, 821 F.3d 882, 889 (7th Cir. 2016).

## Request for Injunctive Relief

Plaintiff's request for an order requiring Madison County Jail to send him to a dentist is **DENIED without prejudice**.

Plaintiff is no longer housed at Madison County Jail. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at the Jail under the conditions described in the Complaint would it be proper for the Court to consider injunctive relief in this particular case. *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)). Plaintiff offers no indication that he will be transferred back to the Jail and face the same conditions he describes in the Complaint. His request for injunctive relief *in this case* is moot.

This does not mean relief is foreclose to him. Plaintiff has been housed at Alton Law Enforcement Center during the pending action. He should request dental care from officials there. If his request for dental care is/has been denied, Plaintiff may file a separate suit after exhausting available administrative remedies. The Clerk of Court shall be directed to provide Plaintiff with a blank civil rights complaint form for this purpose.

## Disposition

**IT IS ORDERED** that **COUNT 1** survives screening against Defendant **BRAUN** and is **DISMISSED** without prejudice against **CAPTAIN/JAIL ADMINISTRATOR MARCONI**. **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

Because Count 1 arises from the alleged denial of dental care, the Clerk of Court is

4

**DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.  The Clerk of Court is also **DIRECTED** to provide Plaintiff with a blank civil rights complaint form for use in filing a separate suit, if he deems it necessary to do so, for inadequate dental care at Alton Law Enforcement Center.

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **RACHEL BRAUN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without

being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/4/2020**

s/J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.