IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN RUSSELL, #34153, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 20-cv-00108-JPG |
| | ) |
| RACHEL BRAUN and | ) |
| MADISON COUNTY JAIL | ) |
| ADMINISTRATOR, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

    This matter is before the Court for consideration of Plaintiff Steven Russell's Motion for Preliminary Injunction filed June 30, 2020. (Doc. 28). Plaintiff seeks an order requiring Madison County Jail officials to send him to a dentist for treatment of a lost filling and a cracked molar. (*Id*.). On July 27, 2020, Defendant Rachel Braun filed a Response objecting to this request. (Doc. 27). The Court conducted a hearing on the Motion on August 11, 2020.[1] For the reasons detailed on the record and summarized herein, Plaintiff's request for preliminary injunctive relief is **GRANTED**.

    To obtain a preliminary injunction, a plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) he has no adequate remedy at law; and (3) he will suffer irreparable harm without the relief. *See Hoban v. Wexford Health Sources, Inc.*, 731 F. App'x 530, 532 (7th Cir. 2018); *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014). Once this burden is met, the Court must weigh the "balance of harm to the parties if the injunction is

---

[1] Plaintiff appeared at the telephonic hearing *pro se* and testified, and Defendant Braun appeared with counsel, Heidi Eckert.

1

granted or denied and evaluate the effect of an injunction on the public interest. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). Based on the evidence and testimony, the Court finds that Plaintiff has satisfied these requirements.

Plaintiff has demonstrated a "better than negligible" chance of succeeding on the merits of his Fourteenth Amendment due process claim against Defendant Braun. *Valencia v. City of Springfield, Ill.*, 883 F.3d 959, 966 (7th Cir. 2018) (citation omitted). The claim involves two inquiries. The first "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case." *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). The second asks "whether the challenged conduct was objectively reasonable." *Id.* This, in turn, requires consideration of "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id.* Plaintiff has established some likelihood of success on the merits of his claim against Nurse Braun for acting purposefully, knowingly, and objectively unreasonable when denying his requests for treatment with a licensed dentist.

Plaintiff testified that he requested dental care for a lost filling, dental pain, and difficulty chewing in December 2019. The same month, a nurse prescribed him antibiotics for red/swollen gums, dental wax for his rotten tooth, and Tylenol for his pain. However, this treatment did not work. When Plaintiff complained of ongoing symptoms in January 2020, Nurse Braun denied his request to see a dentist and instructed him to chew on the unaffected side of his mouth. Plaintiff followed these instructions and suffered a cracked molar on the previously unaffected side of his mouth. As a result, he could not brush, eat, or drink on either side of his mouth without

experiencing pain. Plaintiff reported these additional symptoms to medical staff in early June 2020. He was given another round of antibiotics, Tylenol, and dental wax. The treatment still did not help. He again requested an appointment with a licensed dentist, and his request was denied.

Nurse Braun testified that she responded to Plaintiff's dental complaints with a recommendation that he chew on the unaffected side of his mouth in January 2020. When she learned of his cracked molar in early June, Nurse Braun examined Plaintiff's mouth. She observed what appeared to be a cracked molar and one or two cavities.

However, Nurse Braun testified that she is a registered nurse with no expertise in dentistry. She has no authority to diagnose dental issues or authorize a referral to a dentist. She relies on the Jail's nurse practitioner to make referrals. Therefore, Nurse Braun sent Plaintiff to see the nurse practitioner, who diagnosed Plaintiff with a history of poor dentition necessitating mouthwash and no dental appointment on June 23, 2020. In response to Plaintiff's complaints of pain, the nurse practitioner prescribed a soft diet. At the time of the hearing, Plaintiff testified that he was subsisting on a sandwich at lunch and dinner. He complained of unrelenting dental pain, hot/cold sensitivity, and difficulty eating. Even so, Nurse Braun opined that Plaintiff does not require a dental appointment.

The Court disagrees. Plaintiff requires treatment for his lost filling, rotten tooth, cracked molar, and dental pain with a licensed dentist. He has satisfied the requirements for obtaining a preliminary injunction by showing some likelihood of success on the merits, no adequate remedy at law, and irreparable harm without a preliminary injunction. *See Hoban*, 731 F. App'x at 531-32. The Court concludes that the balance of equities weigh in favor of a preliminary injunction in this case and that the requested relief (*i.e.*, a dental appointment) comports with the Prison Litigation Reform Act's requirement that injunctive relief be "narrowly drawn" and "extend no

further than necessary to correct the harm." 18 U.S.C. § 3626(a). Accordingly, Plaintiff's Motion for Preliminary Injunction (Doc. 28) is **GRANTED**.

## PRELIMINARY INJUNCTION

The Clerk of Court is **DIRECTED** to **ADD** the **MADISON COUNTY JAIL ADMINISTRATOR (official capacity only)** as a defendant to this action in CM/ECF. The Jail Administrator, acting in his or her official capacity and working with Defendant Braun, is responsible for implementing any injunctive relief that is ordered in this case, including the following:

Pursuant to Federal Rules of Civil Procedure 65(a) and (d), Defendants are **HEREBY ORDERED** to send Plaintiff to a licensed dentist for further evaluation and treatment of his lost filling, rotten tooth, cracked molar, and dental pain/infection on or before **SEPTEMBER 2, 2020**; said appointment must take place within **21 days** of the date of this Order.

**DEFENDANTS ARE FURTHER ORDERED** to file a written notice on or before **SEPTEMBER 16, 2020**, advising the Court of the date and time of Plaintiff's dental appointment; Defendants shall also advise the Court in the event of any change(s) in the appointment date or time, indicating all steps taken to reschedule the appointment (with the same or alternative provider) and all steps taken to ensure compliance with this Order.

**DEFENDANTS ARE FURTHER ORDERED** to file a written notice with the Court regarding what, if any, diagnosis and treatment plan was recommended, implemented, and/or completed for Plaintiff within fourteen (14) days after Plaintiff's dental appointment.

**IT IS SO ORDERED.**

DATED: August 12, 2020

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
