# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STEVEN RUSSELL, #34153,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-00108-JPG |
| | ) |
| **RACHELLE BRAUN,** | ) |
| **MADISON COUNTY AND JOHN/JANE** | ) |
| **DOE EMPLOYEES OF MADISON** | ) |
| **COUNTY, MADISON COUNTY** | ) |
| **SHERIFF'S DEPT. AND JOHN/JANE** | ) |
| **DOE EMPLOYEES OF MADISON** | ) |
| **COUNTY, and M. DAMBACHER,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of Plaintiff Steven Russell's First Amended Complaint filed November 30, 2020 (Doc. 51) and Defendants' Motion to Dismiss for Failure to State a Claim filed January 13, 2021 (Doc. 54). For the reasons set forth herein, the First Amended Complaint survives screening under 28 U.S.C. § 1915A and dismissal under Federal Rule of Civil Procedure 12(b)(6) against Rachelle Braun and M. Dambacher. However, all other claims and defendants shall be dismissed.

## Background

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that resulted from the denial of dental care at Madison County Jail. (Doc. 1). The Court screened the original Complaint pursuant to 28 U.S.C § 1915A on May 4, 2020. Plaintiff was allowed to proceed with a single claim:

1

>    **Count 1:**     Fourteenth Amendment claim against Nurse Braun for denying Plaintiff adequate dental care for his lost filling, dental pain, and infection at the Jail beginning in December 2019.[1]

(*See* Doc. 9). After Nurse Braun answered, the Court entered a Scheduling and Discovery Order. (Doc. 41). According to it, Plaintiff was required to file a motion for leave to amend the complaint on or before September 30, 2020. (*Id.*). After he was assigned counsel in September 2020, however, the Court granted him an extension of this deadline until November 30, 2020. (Docs. 40 and 49). Plaintiff filed a First Amended Complaint on November 30, 2020. (Doc. 51).

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. Plaintiff's First Amended Complaint was timely. Although it was unaccompanied by a motion for leave to amend the complaint and does not include any new underlined material as required by Local Rule 15.1, the Court will waive this requirement in this particular instance.[2] The First Amended Complaint is still subject to review under 28 U.S.C. § 1915A.[3]

Defendants also filed a Motion to Dismiss For Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6). (Doc. 54). The standards under Section 1915A and Rule 12(b)(6) are similar.[4] The Court will review the First Amended Complaint and Motion to Dismiss together.

---

[1] Captain Marconi was dismissed without prejudice because the Complaint failed to state any claim for relief against him.

[2] This is because the Court previously granted Plaintiff's motion for an extension of time to "fil[e] a First Amended Complaint" until November 30, 2020. (Doc. 49).

[3] Pursuant to Section 1915A, any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

[4] Rule 12(b)(6) provides for dismissal of a complaint, or any portion of it, for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). To survive review under both standards, a complaint must include enough facts to state a claim for relief that is plausible on its face and must also state sufficient facts to raise the right to relief above the speculative level. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**First Amended Complaint**

Plaintiff sets forth the following allegations in the First Amended Complaint (Doc. 51): During his detention at the Jail, Plaintiff lost two teeth and suffered avoidable pain, discomfort, and infection at the Jail in 2019 and 2020. (*Id*. at ¶¶ 16-19). He used the Jail's sick call procedure to request dental care on four separate occasions. (*Id*. at ¶¶ 21-22).

When this failed, he submitted a grievance to complain about a rotten tooth, dental pain, and difficulty eating on January 14, 2020. (*Id*. at ¶ 22). Nurse Braun, the infirmary charge nurse at Madison County Jail, responded two days later. (*Id*. at ¶ 23). She explained that inmates are not sent out for dental appointments, and she recommended that he simply chew on the opposite side of his mouth. (*Id*.).

On June 18, 2020, Plaintiff submitted a second grievance to request treatment for a shattered molar and associated pain. (*Id*. at ¶ 24). Nurse Braun responded to this grievance on June 19, 2020, by indicating that his complaint was already addressed on April 3, 2020, and that the Jail's nurse practitioner would see him during her next visit. (*Id*. at ¶ 25).

On June 23, 2020, Nurse Practitioner Dambacher met with Plaintiff and recommend that he use medicated mouthwash and Tylenol. (*Id*. at ¶ 26). The same day, Plaintiff submitted another grievance asking for an examination by a licensed dentist. (*Id*. at ¶ 27). On June 26, 2020, Nurse Braun again responded to his grievance, by recommending continued use of Peridex mouth rinse and a soft diet. (*Id*. at ¶ 28). She reminded Plaintiff that he would not be sent for a dental appointment. (*Id*.).

Meanwhile, Plaintiff filed a motion for preliminary injunction in the underlying action that was granted. (Doc. 38). Pursuant to the Court's Order, Plaintiff was seen by Andrew M. English, DDS on August 18, 2020. The dentist extracted two teeth and instructed Plaintiff to take ibuprofen,

as needed, and a saltwater rinse for one day after the procedure. He was given after care instructions for the nurse.

On August 19, 2020, Plaintiff filed a grievance to complain when he was denied ibuprofen. (*Id*. at ¶ 30). He submitted a second grievance complaining about the denial of saltwater rinse. (*Id*. at ¶ 32). Nurse Braun responded two days later, explaining that Tylenol was substituted in place of ibuprofen and would only be dispensed twice daily, not as needed. As a result, Plaintiff suffered unnecessary pain. (*Id*. at ¶ 31). Although another nurse separately told Plaintiff that he would have to submit a sick call request and pay a $5.00 copay for saltwater rinse, Nurse Braun indicated that no sick call was required before saltwater rinse was administered to Plaintiff on August 20, 2020. (*Id*. at ¶ 32).

Although Plaintiff requested a regular diet thereafter, he continued receiving a soft diet. On August 25, 2020, he complained that the soft diet was punishment for filing this lawsuit. (*Id*. at ¶ 35). The same day, he submitted a sick call slip stating that he no longer required a soft diet. (*Id*. at ¶ 36). On September 2, 2020, Nurse Braun issued a response stating that Nurse Practitioner Dambacher reviewed the request and made no changes to Plaintiff's diet. (*Id*. at ¶ 37).

Plaintiff named the following defendants in connection with his claims for denial of dental care, ibuprofen/saltwater rinse as needed, and a regular diet: Madison County and John/Jane Doe Employees of Madison County (Count 1), and Madison County Sheriff's Department and John/Jane Doe Employees of Madison County (Count 2), Rachelle Braun (Count 3), and M. Dambacher (Count 4).

Based on the allegations summarized herein, the Court shall reorganize the claims into the following four counts, consistent with Plaintiff's characterization of these claims in the First Amended Complaint:

4

**Count 1:** Eighth and/or Fourteenth Amendment claim against all defendants for denying Plaintiff adequate dental care for his lost filling, dental pain, and infection at the Jail in 2019-20.

**Count 2:** Eighth and/or Fourteenth Amendment claim against all defendants for the policy, custom, or practice of denying inmates all outside dental appointments as a cost-saving measure.

**Count 3:** First Amendment claim against Nurse Braun and Nurse Practitioner Dambacher for denying Plaintiff a regular diet in retaliation for filing a lawsuits against them for the denial of medical care at the Jail in 2019-20.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

Count 1 against Nurse Braun and Nurse Practitioner Dambacher survives screening under the Fourteenth Amendment Due Process Clause (applicable to pretrial detainees) and the Eighth Amendment Cruel and Unusual Punishment Clause (applicable to convicted persons).[5]  The allegations suggest that both of these defendants responded to Plaintiff's serious dental issues with objective unreasonableness and/or deliberate indifference.  *See Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (complaint stated Eighth Amendment claim against grievance officials who obtained actual knowledge of inmate's serious medical needs in grievances and other correspondence and failed to use their authority to intervene on inmate's behalf to rectify situation).  Count 1 shall proceed against Braun and Dambacher in their individual capacities only.

---

[5] Plaintiff's status as a pretrial detainee or a convicted prisoner during the relevant time period is unclear at this point.  Different legal standards applies to medical claims brought by pretrial detainees and convicted persons.  The Fourteenth Amendment analysis involves consideration, first, of "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case" and, second, "whether the challenged conduct was objectively reasonable." *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted).  Under the Eighth Amendment, the Court's analysis hinges on whether Plaintiff suffered from an objectively serious medical condition and whether each defendant responded to it with deliberate indifference.  *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008).  Plaintiff's exact status and the applicable legal standard can be sorted out as the case proceeds.

Count 2 shall be dismissed without prejudice. Plaintiff has not set forth sufficient allegations to support a claim that any defendants were responsible for the policy, custom, or widespread practice of denying dental referrals in violation of his constitutional rights. He mentions only two instances in which the nurse denied his requests for treatment with a dentist and cited this policy, custom, or practice. Plaintiff does not indicate that this denial was caused by: (a) an official policy adopted and promulgated by the municipality's officers; (b) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (c) an official with final policymaking authority. *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). The claim does not survive screening and shall be dismissed without prejudice against all defendants.

Count 3 shall also receive further review against Nurse Braun and Nurse Practitioner Dambacher. To establish a prima facie case of retaliation, an inmate must produce evidence that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions. *Antoine v. Ramos*, 497 Fed. Appx. 631, 634 (7th Cir. 2012). The allegations suggest that both of these defendants denied Plaintiff's request for a regular diet because of the lawsuit he filed to complain about the denial of dental care. The Court will allow this claim to proceed against both defendants in their individual capacities, but no one else.

All other claims shall be dismissed, and this includes any individual or official capacity claims not addressed above. In addition, the John/Jane Doe employees of Madison County and Madison County Sheriff's Department shall be dismissed. "[I]ndividual liability under [Section] 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Matz v. Klotka*,

769 F.3d 517, 528 (7th Cir. 2014); *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010). Plaintiff has not made any showing of personal involvement by a particular employee of Madison County or Madison County Sheriff's Department. The only individuals mentioned in the factual allegations are Nurse Braun and Nurse Practitioner Dambacher. Plaintiff's attempt to name *everyone* employed by the county and sheriff's department is insufficient to state a claim against *anyone*. All John/Jane Doe defendants shall be dismissed without prejudice.

## Disposition

Pursuant to Rule 15, and after review of the First Amended Complaint (Doc. 51) pursuant to 28 U.S.C. § 1915A, the Court finds that the First Amended Complaint survives screening under 28 U.S.C. § 1915A and dismissal under Federal Rule of Civil Procedure 12(b)(6), as follows:

- **COUNTS 1** and **3** will proceed against **RACHELLE BRAUN** and **M. DAMBACHER**, in their individual capacities and are **DISMISSED** without prejudice against all other defendants for failure to state a claim; and

- **COUNT 2 is DISMISSED** without prejudice for failure to state a claim.

Defendants **MADISON COUNTY, MADISON COUNTY SHERIFF'S DEPARTMENT,** and **ALL JOHN/JANE DOE EMPLOYEES** are **DISMISSED** without prejudice from this action, and the Clerk of Court is **DIRECTED** to **TERMINATE** these defendants in CM/ECF.

Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 54) is **GRANTED in part and DENIED in part** consistent with the above.

Defendant **BRAUN** has already been served with this lawsuit. The Clerk of Court shall prepare for **M. DAMBACHER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 51), this Order, and this Memorandum and Order to Defendant Dambacher's place of employment as identified by

7

Plaintiff.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in this Merit Review Order. Defendants are ADVISED that the Court does not accept piecemeal answers.**

**IT IS SO ORDERED.**

**DATED: 9/30/2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**